IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. FRANK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESSE A. FRANK, APPELLANT.

Filed January 27, 2015.    No. A-14-532.

Appeal from the District Court for Madison County: MARK A. JOHNSON, Judge. Affirmed.

Christopher P. Bellmore, Chief Deputy Madison County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

Moore, Chief Judge.

Following a stipulated bench trial, Jesse A. Frank was convicted of driving under the influence, fourth offense. In this appeal, Frank argues that the district court incorrectly overruled his motion to suppress. Specifically, Frank contends that he did not operate his vehicle on a public roadway or a private roadway which allowed public access and, therefore, was not subject to the DUI laws. We disagree and affirm.

## FACTUAL BACKGROUND

On September 6, 2013, James Heller, a uniformed officer with the City of Norfolk Police Department, responded to a reported disturbance at 1307 Galeta Avenue in Norfolk. Heller was notified that an intoxicated person had attempted to drive away from the area. Upon his arrival at the scene, Heller made contact with Frank while Frank was standing outside of his car that was located in a driveway between two apartment buildings. Heller observed that Frank showed signs

of impairment including slurred speech, watery and bloodshot eyes, and an inability to maintain his balance. Eventually, Frank stated that he had moved his car because he believed that its previous location might have been blocking someone else in. Heller arrested Frank after Frank failed a preliminary breath test.

On October 22, 2013, the State filed an information charging Frank with DUI, fourth offense, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010). In the information, the State alleged that Frank's blood alcohol level exceeded .15.

Frank filed a motion to suppress and the district court held a hearing on that motion on December 3, 2013. At the hearing, the parties stipulated that Frank failed the field sobriety tests and was too impaired to operate a vehicle. They also stipulated that Frank later submitted to a blood test which revealed that his blood alcohol level was above the legal limit. The only issue at the hearing was whether Frank had been driving or was in control of his vehicle on public or private property. The State contended that the property in question was private property open to public access and, therefore, subject to the DUI laws. Frank contended that it was purely private property and the DUI laws did not apply.

At the hearing, Heller testified that he approached the area from North 13th Street, Highway 81, and drove west up Galeta Avenue. Heller stated that Galeta Avenue is a public street that is maintained by the City of Norfolk and open to vehicular travel. Referring to maps and photographs of the area which were received into evidence, Heller described Galeta Avenue as being lined with houses and condominiums. Apartment buildings are located at both 1305 and 1307 Galeta Avenue and are separated by a common driveway. The driveway is not a through street, but instead leads to a widened area where three garages for each apartment building are located along with guest parking.

Heller stated that he approached Frank in the driveway. Heller observed that Frank's vehicle was facing Galeta Avenue and had its driver's side tire on a gravel area just off the driveway. The rest of Frank's vehicle was on the concrete driveway. Heller could not recall whether Frank's car was still running. Heller also noticed trash cans had been left in the driveway area so the residents' trash could be picked up.

Officer Mike Strong arrived on scene after Heller. Strong testified that he overheard Frank tell Heller that he had moved his vehicle into the driveway from the parking area and Strong personally observed Frank exhibiting signs of impairment. While Heller administered field sobriety tests to Frank, Strong secured the area.

Strong also testified that he had been a previous tenant of 1305 Galeta for about 2 years. Strong stated that the apartment association handled the arrangements for trash service. He also recalled that the gas and water meters were located on the buildings and the city employees would have to drive or walk on the driveway to read those meters. Finally, Strong testified that the driveway did not contain any signs which announced that it was private property or that there was no parking permitted.

On December 16, 2013, the district court issued an order overruling Frank's motion to suppress. The court noted that Nebraska's DUI statutes do not apply to the operation or control of a vehicle on private property that is not open to public access. Thus, the court focused its analysis on whether the driveway in between 1305 and 1307 Galeta Avenue was private property with public access. Relying on two Nebraska Supreme Court cases, *State v. Prater*, 268 Neb.

655, 686 N.W.2d 896 (2004) and *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011), the district court concluded that the driveway appeared to be open to the public for use, with no restriction as to access. The court noted that there were no signs to warn members of the public that no parking was allowed and that service people were allowed to use the driveway.

Prior to trial, the State filed an amended information in which it alleged that Frank's blood alcohol level only exceeded .08. A stipulated bench trial was held on June 6, 2014, during which Frank renewed his motion to suppress. The court again overruled Frank's motion. The district court found Frank guilty of DUI fourth offense. Following an enhancement hearing, the district court sentenced Frank to a prison term of not less than 1 year nor more than 2 years, with 130 days' credit given for time previously served. Frank was also fined $1,000, ordered to pay the costs of prosecution, and had his driver's license revoked for 15 years. Frank appeals his conviction and sentence.

## ASSIGNMENTS OF ERROR

Although he assigns two errors, Frank's argument on appeal focuses on whether the district court erred when it overruled his motion to suppress.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, we review the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that we review independently of the trial court's determination. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014).

## ANALYSIS

Nebraska's DUI statutes do not apply to operation or control of a vehicle on private property that is not open to public access. Neb. Rev. Stat. § 60-6,108(1) (Reissue 2010); *State v. McCave*, *supra*. Frank argues that Heller lacked probable cause to arrest him because he operated his vehicle only on private property that was not open to public access.

Probable cause to support a warrantless arrest exists only if the officer has knowledge at the time of the arrest, based on information that is reasonably trustworthy under the circumstances, that would cause a reasonably cautious person to believe that a suspect has committed or is committing a crime. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014). Probable cause is a flexible, commonsense standard that depends on the totality of the circumstances. *Id*. Probable cause is not defeated because an officer incorrectly believes that a crime has been or is being committed. *Id*. But implicit in the probable cause standard is the requirement that a law enforcement officer's mistakes be reasonable. *Id*. An appellate court determines whether probable cause existed under an objective standard of reasonableness, given the known facts and circumstances. *Id*.

Both Frank and the State direct this court's attention to three opinions from the Nebraska Supreme Court which discuss when a roadway is open to public access. In *State v. Prater*, 268 Neb. 655, 686 N.W.2d 896 (2004), the Supreme Court considered a case in which the defendant had been convicted under an Omaha city ordinance which contained a provision similar to

§ 60-6,108. The defendant had been found slumped over in the driver's seat of a running vehicle in an apartment complex parking lot. In that case, the court declared that "the phrase 'open to public access' means that the public has permission or the ability to enter." *State v. Prater*, 268 Neb. at 658, 686 N.W.2d at 898. The court found the apartment's parking lot was open to public access, even though a sign indicated the lot was private, because the lot was also used by maintenance workers and guests of residents.

In *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011), the Supreme Court reached the opposite result. In *McCave*, the defendant's vehicle was parked on a residential driveway, with a portion overhanging the sidewalk. The court found the driveway was not open to public access as a matter of law because it met the statutory definition a private road or driveway. See Neb. Rev. Stat. § 60-649 (Reissue 2010). The court also stated that its conclusion was not affected by the fact that the vehicle was overhanging the sidewalk, because a sidewalk is not for vehicular use.

Finally, in *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014), the Nebraska Supreme Court found probable cause for an arrest when the defendant's vehicle was found parked on a paved area between the sidewalk and the street in front of an apartment complex. The officer testified that he understood that this area was part of the City's right-of-way. The officer also stated that he had observed the same area on other occasions and witnessed vehicles park in and later leave the paved area. According to the officer, both residents and nonresidents of the apartment complex used this area in that way. The Nebraska Supreme Court concluded that the district court did not err in concluding that the arresting officer had a reasonable belief that the vehicle was located on property that was open to public access.

Frank urges this court to follow *McCave* and conclude that this driveway between the two apartment buildings is of a similar nature to a driveway leading up to a residential home. He notes that there is only one difference between the driveway in *McCave* and this driveway: this driveway was shared with a limited number of tenants instead of a single homeowner. Frank also stresses that this driveway should not be considered a parking lot because it does not have an entrance and exit and does not permit through traffic. Consequently, he contends that the DUI laws should not apply on this driveway.

We disagree. The driveway in this case provides access to parking for several tenants of the two apartment buildings. In addition, there is guest parking available to non-tenants. There is no signage to notify that this driveway is private or that parking is limited to the residents' guests. Additionally, there is evidence that service people such as trash collectors and city utility employees utilize this common driveway. The fact that the driveway does not have a separate entrance and exit does not change our analysis. Based on these facts, we conclude that the district court did not err in ruling that this common driveway was open to public access. The district court properly overruled Frank's motion to suppress.

## CONCLUSION

Because we find the driveway was open to public access, we affirm the district court's order overruling Frank's motion to suppress.

AFFIRMED.